UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CANDIS HAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:17-cv-508 |
| | ) |
| EDWARD SLOAN & ASSOCIATES, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CANDIS HAND ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, EDWARD SLOAN & ASSOCIATES ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. §392, et al. ("TDCA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k, and 15 U.S.C. 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in Deberry, Panola County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

10. Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Winnsboro, Texas.

12. Defendant is a business entity engaged in the collection of debt within the State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt that does not belong to Plaintiff.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. Sometime within the last year, Defendant began calling Plaintiff on Plaintiff's cellular telephone at 580-917-xxxx.

21. Defendant calls Plaintiff from 903-342-7166, which is one of Defendant's telephone numbers.

22. On more than one occasion within the last year, Plaintiff answered Defendant's calls and spoke with one of Defendant's collectors.

23. During the aforementioned conversations, Plaintiff learned Defendant was calling to speak with someone named William Hand.

24. During the aforementioned conversations, Plaintiff informed Defendant that she was not the debtor, and did not know how to locate the debtor. Plaintiff also requested Defendant stop calling her.

25. Despite Plaintiff's dispute and request, Defendant continued to place collection calls to Plaintiff's cellular telephone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26. Defendant violated the FDCPA based on the following:

a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after Plaintiff disputed the allege debt and requested Defendant stop calling her; and

b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after Plaintiff disputed the allege debt and requested Defendant stop calling her.

WHEREFORE, Plaintiff, CANDIS HAND, respectfully requests judgment be entered against Defendant, EDWARD SLOAN & ASSOCIATES, for the following:

27. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

29. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

30. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

31. Defendant violated the TDCA based on the following:

a. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or

making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to call Plaintiff after Plaintiff disputed the allege debt and requested Defendant stop calling him.

WHEREFORE, Plaintiff, CANDIS HAND, respectfully requests judgment be entered against Defendant, EDWARD SLOAN & ASSOCIATES, for the following:

32. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

33. For attorneys' fees, costs and disbursements;

34. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

35. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  September 7, 2017                RESPECTFULLY SUBMITTED,


By: /s/Michael S. Agruss
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff